IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Walberto Sanchez Porto Carrero,<br><br>  Petitioner,<br><br>vs.<br><br>Office of Immigration and Customs Enforcement,<br><br>  Respondent. | Case No.: 1:24-750-JD-SVH<br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 12.)  Petitioner Walberto Sanchez Porto Carrero ("Petitioner" or "Carrero"), proceeding *pro se*, filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Respondent Office of Immigration and Customs Enforcement, ("Respondent") in the District of Columbia.  (DE 1.)  The matter was transferred to this Court on February 13, 2024.  (DE 4, 5.)  On February 21, 2024, the Court issued orders granting Petitioner's request to proceed *in forma pauperis* and directing Petitioner to keep the Court apprised of his address.  (DE 8, 9.)

On March 18, 2024, the Court's order noting the transfer was returned in the mail to the Clerk of Court.  The envelope states:  No Longer @ FCI Williamsburg, Gone Over 30 Days, Cannot Identify Name & Number, No Individual W/ Name. (DE 11.)  Petitioner has failed to keep

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

the court apprised of his address, and as a result, neither the Court nor the Respondent has any means of contacting him concerning his case. As such, it appears to the Court that he wishes to abandon this action.

The Report was issued on March 22, 2024, recommending that this action be dismissed with prejudice. (DE 12.) Petitioner did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 12) and incorporates it here by reference.

It is, therefore, **ORDERED** that Carrero's Petition is dismissed with prejudice. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 12, 2024

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.